NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2735
_____

UNITED STATES OF AMERICA

v.

JIMMIE MCLAUGHLIN

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 11-cr-00177)
District Judge:  Honorable Maurice B. Cohill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
June 2, 2014

Before:  HARDIMAN, SCIRICA and ROTH, *Circuit Judges*.

(Filed:  July 8, 2014)
_____

OPINION
_____

HARDIMAN, *Circuit Judge*.

Following a conditional plea of guilty to possession with intent to distribute 100

grams or more of heroin, Jimmie McLaughlin appeals an order of the District Court

denying his motion to suppress evidence. We will affirm.

# I

Because we write primarily for the parties, who are well acquainted with the case, we recite only the facts and procedural history essential to our decision.

McLaughlin's conviction arose from a traffic stop for suspicion of driving under the influence in Robinson Township, Pennsylvania. Before beginning the field sobriety test, officers asked McLaughlin for permission to conduct a pat-down search. McLaughlin consented, and the officers pulled a bundle of cash, totaling $940, from his left pocket. One of the officers returned to the patrol car to run McLaughlin's criminal history. During the officer's absence, McLaughlin made a move for the back door of the car, reaching for an unzipped, black bag lying on the rear passenger seat. The officers pulled McLaughlin away, eventually taking him to the ground to keep him from getting to the car.

McLaughlin's dogged efforts to reach the bag piqued the officers' interest in its contents. They could see some cash through an opening but thought the bag might also contain a weapon. They seized the bag to prevent McLaughlin's passenger from accessing it and had McLaughlin's vehicle towed to the police station.

At the police station, one of the arresting officers, Brad Mermon, applied for a warrant to search the black bag and McLaughlin's vehicle. Officer Mermon's probable cause affidavit averred the essential facts of the arrest and noted that McLaughlin's criminal history included numerous drug and weapons arrests. Officer Mermon stated that, based on his twelve years of experience as a law enforcement officer, he suspected that McLaughlin came to possess the bundle of cash taken from his pocket through illegal

drug sales. A magistrate issued the search warrant, and the officers promptly searched the bag and vehicle.

The search confirmed Officer Mermon's suspicions. When the officers looked in the black bag, they found four stacks of U.S. currency totaling $20,242. The bag's side pockets held another $5,449 in cash. After removing the cash from the bag, the officers found four packages wrapped in magazine paper. Each package contained twenty bricks of heroin, and each brick of heroin contained fifty stamp bags. One additional brick of heroin sat outside the four packages, bringing the total to eighty-one bricks weighing 105 grams.

A federal grand jury indicted McLaughlin on one count of possession with intent to distribute 100 grams or more of heroin. McLaughlin filed a motion to suppress the evidence taken from the black bag, arguing that Officer Mermon's affidavit failed to establish probable cause for the search. The parties agreed to forego a hearing, and the District Court, deciding the motion on the briefs, denied McLaughlin's motion.

McLaughlin and the Government reached a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) under which McLaughlin pleaded guilty to the charge in the indictment. The District Court imposed the agreed-upon sentence of 188 months' imprisonment, six years of supervised release, and a $100 special assessment. McLaughlin filed this timely appeal of the District Court's order denying his motion to suppress.[1]

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3231 and 28 U.S.C. § 1291.

II

We exercise plenary review over the District Court's legal determinations. *United States v. Ritter*, 416 F.3d 256, 261 (3d Cir. 2005). Where, as here, a district court bases its ruling on facts contained in a probable cause affidavit, we exercise plenary review over the entire decision. *Id.*

III

The District Court denied McLaughlin's suppression motion because it found that Officer Mermon's affidavit established probable cause. In issuing search warrants, magistrates "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). To decide a motion to suppress, the court does not review the magistrate's search warrant decision de novo. Rather, the analysis turns on whether the magistrate had a "'substantial basis for . . . conclud[ing]' that probable cause existed." *Id.* at 238–39 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)). McLaughlin claims no such substantial basis existed because the affidavit rested on unsubstantiated statements and failed to explain why the black bag and vehicle might contain evidence of drug possession and distribution.

We reject McLaughlin's argument for the same reasons provided by the District Court. McLaughlin's actions created reasonable suspicion when he reached for the bag and forced the officers to pull him away from the car and restrain him, all of which evidenced a guilty mind. McLaughlin's behavior, his criminal history, and Officer

4

Mermon's suspicion regarding the cash taken from the pat-down search combined to establish a substantial basis to conclude that probable cause existed. Moreover, Officer Mermon justifiably drew upon his experience to support his conclusions regarding the cash. A magistrate may "give considerable weight to the conclusions of experienced law enforcement officers regarding where evidence of a crime is likely to be found." *United States v. Whitner*, 219 F.3d 289, 296 (3d Cir. 2000). Accordingly, Officer Mermon's conclusions in suspecting that the cash came from drug-related transactions along with his other observations provided a substantial basis for a probable cause finding.

McLaughlin notes that the affidavit did not explain why Officer Mermon wanted to search the black bag or vehicle in particular. But, "[t]he critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1978). In our view, McLaughlin's efforts to reach the bag during his arrest as well as the fact that officers could see cash inside the bag in plain view supplied them with probable cause to believe they would find evidence of drug transactions in the bag or vehicle.[2]

---

[2] Even if Officer Mermon's affidavit failed to establish probable cause for the search, the exclusionary rule would not apply here. If the law enforcement officer executing the warrant relies in good faith on the magistrate's order, evidence obtained in the search will be admissible—even if a later court determines the warrant lacked probable cause. *United States v. Leon*, 468 U.S. 897, 920 (1984). "In the absence of an allegation the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable

IV

For the reasons stated, we will affirm the District Court's order denying

McLaughlin's motion to suppress.

cause." *Id.* at 926. McLaughlin does not challenge the magistrate's neutrality or Officer Mermon's honesty in preparing the warrant application. Therefore, the good faith exception would apply if the warrant had been defective.